O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN, AND MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>    Plaintiff,<br><br> v.<br><br>YELLOW PRODUCTIONS, LLC, a California limited liability company; SEVEN ARTS PICTURES INC., aka 7 ARTS PICTURES INC, a Nevada corporation; GS ENTERTAINMENT LLC, a California limited liability company,<br><br>    Defendants. | Case No. CV 12-07926 DDP (VKBx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>[DKT. NO. 57] |

 Presently before the Court is Plaintiffs' motion for summary judgment (the "Motion"). (Docket No. 57.) For the reasons stated in this order, the Motion is GRANTED.

///

///

## I. Background

Plaintiffs Board of Directors of the Motion Picture Industry Pension Plan ("Directors"), Motion Picture Industry Individual Account Plan, and Motion Picture Industry Health Plan ("Plans") (collectively, "Plaintiffs") bring this action against Defendants Yellow Productions, LLC, Seven Arts Pictures, Inc., and GS Entertainment, LLC (collectively, "Defendants") to recover pension and health benefit contributions due to Plaintiffs arising from work performed in the production of the motion picture "Yellow" and the webisode "Proud Mary." (See Complaint, Docket No. 1.) The Plans are funded through employer contributions made by employers who are either affiliated with the Alliance of Motion Picture and Television Producers ("AMPTP") or who agree to be bound by the terms of the collective bargaining agreements ("CBAs") negotiated by AMPTP. (Statement of Undisputed Facts ("SUF") ¶ 3.) Under the CBAs, employers must make contributions to the Plans on behalf of covered employees. (Id.) The Plans operate pursuant to separate Trust Agreements. (Id. ¶ 6.)

It is undisputed[1] here that each Defendant signed a CBA and agreed to be bound by a Trust Agreement by signing a Trust Acceptance Agreement. (Id. ¶¶ 16-33.) Under the terms of the CBAs, employers must make contributions to the Plans for hours worked by or guaranteed to covered employees. Under the terms of the Trust Agreements, Plan contributions must be paid on a weekly basis. (Id. ¶ 7.) The Directors may audit the records of any employer and, if

---

[1] Though Defendants state that they "cannot affirm or deny" many of the facts that Plaintiffs contend are undisputed, Defendants provide no evidence suggesting that those facts, as supported by Plaintiffs' evidence, are actually in dispute.

2

the employer fails to provide records for audit, the Directors may take legal action to enforce their right to audit. (Id. ¶¶ 8-9.) Further, the Directors may take legal action to recover any improperly withheld benefits, plus additional damages of 1% interest per month on the unpaid contributions, liquidated damages, attorney's fees, costs of suit, and fees or costs associated with conducting the audit. (Id. ¶¶ 10-12.)

Further, it is undisputed that when the Plans initially requested records to perform an audit, Defendants failed to provide any records. (Id. ¶¶ 34-40.) After filing this action and gaining access to the records, the Plans performed an audit and determined that Yellow Productions and GS Entertainment underreported hours worked or guaranteed to employees. (Id. ¶¶ 42, 50.) The audit showed that Yellow Productions owed unpaid contributions of $24,149.29 and GS Entertainment owed unpaid contributions of $15,509.62. (Id. ¶¶ 43, 51.) Further, Seven Arts represented that it was the parent production company and "controlling entity" of Yellow Productions, making it liable for the underpayment as well. (Id. ¶ 22.) These underpayments would also entitle the Plans to recover interest, liquidated damages, fees, and costs. Defendants "dispute" the findings of the audit, but provide no evidence or independent review of the records to support or substantiate their claim that the audits are incorrect. Plaintiffs now move for summary judgment.[2]

---

[2] Subsequent to filing the Motion, Plaintiffs settled the action as to Defendant GS Entertainment. (Docket No. 65.) Therefore, the Motion is moot to the extent that it seeks summary judgment as to GS Entertainment. Accordingly, the Court addresses the Motion only as to whether Plaintiff is entitled to summary
(continued...)

3

**II. Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986).

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."

---

[2](...continued)
judgment against Yellow Productions and Seven Arts.

4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel has an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

Plaintiffs bring this action under ERISA, specifically 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement." Here, the undisputed facts, supported by substantial evidence, show that Defendants entered into agreements whereby they agreed to be bound by the terms of the CBAs and Trust Agreements. It is also undisputed that Defendants failed to provide records upon request so that Plaintiffs could audit those records, where the agreements provide that Defendants must provide records for audit upon request. Further, it is undisputed that an audit was performed and that the audit found that Defendants underpaid certain contributions owed to the Plans. The only factual "dispute" that is raised in the Motion is Defendants' contention that they disagree with the results of the audits. However, no evidence has

been provided that contradicts the conclusions of Plaintiffs' audit report.

### A. Disputed Audit Report

Yellow Productions opposes the Motion, arguing that it disputes the findings of the audit. (Docket No. 59.) Seven Arts joins in this argument. (Docket No. 60.) No evidence has been provided that actually rebuts the findings of the audit. Rather, Yellow Productions argues that it needs more time to evaluate the audit report and conduct its own analysis of the records. As a result, Yellow Productions asks the Court to deny the Motion, or at least to delay ruling on the Motion under Rule 56(d) in order to allow it to conduct its own analysis.[3]

Under ERISA, "once the trustees produce evidence raising genuine questions about the accuracy of the employer's records and the number of hours worked by the employees, the burden shifts to the employer to come forward with evidence of the precise amount of work performed." Brick Masons Pension Trust v. Indus. Fence & Supply, Inc., 839 F.2d 1333, 1338 (9th Cir. 1988). Here, Defendants have provided nothing that would tend to show that the underpayments were less than Plaintiffs' audit found them to be.

As to Defendants' request for more time under Rule 56(d), Plaintiffs argue that such a request must be made by way of a separate motion and that, in any event, such an argument fails on

---

[3] Yellow Productions also raises the issue of a "lost box" of records to call into question Plaintiffs' audit report. However, according to Plaintiffs, the loss of the box in question did not affect their ability to perform a complete and accurate audit of the records, as the lost records contained information that was duplicative of information provided in other documents that were not lost.

6

1  the merits. A party may be granted relief under Rule 56(d) only if
2  the party has previously been diligent in conducting discovery.
3  <u>Cornwell v. Electra Cent. Credit Union</u>, 439 F.3d 1018, 1026-27 (9th
4  Cir. 2006). Plaintiffs point out that Defendants have had, at all
5  times, access to their own records such that they could have
6  conducted their own review of them. Further, Plaintiffs state that
7  the results of Plaintiffs' audit reports were provided to
8  Defendants in June 2014, such that if Defendants were proceeding
9  diligently, they should have had enough time to evaluate the
10 reports and, if appropriate, prepare their own report detailing how
11 or why Plaintiffs' report was incorrect. Defendants have not done
12 so. The Court finds that Defendants have not shown that they ought
13 to be entitled to more time to conduct their own internal audit.
14 The results of Plaintiffs' audits, therefore, are not in dispute,
15 and the Court finds that Plaintiffs have met their burden of
16 showing that the undisputed evidence supports a finding that
17 Plaintiffs are entitled to the damages sought.
18        B. <u>Contract Defense: Failure of a Contingency</u>
19        In addition to joining Yellow Productions' arguments regarding
20 Rule 56(d), Seven Arts argues that it has a defense to enforcement
21 of the underlying contracts under which it would be obligated to
22 pay. (Docket No. 59.) Seven Arts argues that the whole arrangement
23 by which it agreed to participate in the production and
24 distribution of "Yellow" was based on the commitment of Medient
25 Corp., which controlled Yellow Productions, to grant all
26 distribution rights to Seven Arts pursuant to a Distribution
27 Agreement. Medient repudiated the Distribution Agreement and
28 therefore, Seven Arts argues, it is entitled to the contract

defense of impracticality or the failure of a contingency that was a basic assumption of the contract.

"In recognition of the fact that millions of workers depend upon employee benefit trust funds for their retirement security, Congress and the courts have acted to simplify trust fund collection actions by restricting the availability of contract defenses, which make collection actions unnecessarily cumbersome and costly." Sw. Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 773 (9th Cir. 1986); see also S. Cal. Retail Clerks Union & Food Employers Joint Pension Trust Fund v. Bjorklund, 728 F.2d 1262, 1265 (9th Cir. 1984). For ERISA trust fund collection actions, the Ninth Circuit recognizes only two contract defenses: (1) the pension contributions were illegal; and (2) the collective bargaining agreement under which payment is required is void rather than voidable. MacKillop v. Lowe's Market, Inc., 58 F.3d 1441, 1444 (9th Cir. 1995).

Seven Arts makes no argument that the contributions here were illegal. Therefore, in order for Seven Arts to be entitled to a contract defense, such defense must establish that the underlying contracts were void. The defense that Seven Arts seeks to invoke here, under California law, could potentially make the contract voidable, but does not render the contract void. Medient's repudiation of the Distribution Agreement might entitle Seven Arts to recover the damages paid in this case, or some portion thereof, from Medient as a result of Medient's breach of contract, but such breach does not override the strong public policy entitling the Plans to recover payments for the benefit of covered employees. As a result, the defense is not available under these circumstances.

**IV. Conclusion**

   For the foregoing reasons, the Motion is GRANTED.

IT IS SO ORDERED.

Dated: December 9, 2014

DEAN D. PREGERSON
United States District Judge